**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000460
05-NOV-2018
08:01 AM**

NO. CAAP-18-0000460

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PENNYMAC LOAN SERVICES, LLC, Plaintiff-Appellee,
v.
SUSAN TAWNEY, REPLACEMENT SPECIAL ADMINISTRATOR
OF THE ESTATE OF MARK CHARLES MIYOSHI,
Defendant-Appellant,
and
ASSOCIATION OF UNIT OWNERS OF PULEWA AT MEHANA;
MEHANA AT KAPOLEI COMMUNITY ASSOCIATION; JOHN
DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-2007)


ORDER GRANTING JULY 17, 2018 MOTION TO
DISMISS APPEAL FOR LACK APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon consideration of (1) Plaintiff-Appellee Pennymac Loan Services, LLC's (Pennymac Loan Services), July 17, 2018 motion to dismiss appellate court case number CAAP-18-0000460 for lack of appellate jurisdiction, (2) the lack of any memorandum by Defendant-Appellant Susan Tawney (Tawney), Replacement Special Administrator of the Estate of Mark Charles Miyoshi, pro se, in response to Pennymac Loan Services' July 17, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over Tawney's appeal from the Honorable James H. Ashford's June 19, 2018 interlocutory order denying Tawney's April 23, 2018 motion to dismiss this foreclosure case with prejudice.

Hawaii Revised Statutes (HRS) § 667-51 (2016) authorizes appeals from three different types of judgments in a foreclosure case such as this:

> § 667-51 Appeals. (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1) A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;
>
> (2) A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure; and
>
> (3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.
>
> (b) An appeal shall be taken in the manner and within the time provided by the rules of court.

HRS § 667-51 (emphases added). In the instant case, the circuit court has already entered a September 20, 2017 judgment on a decree of foreclosure in favor of Pennymac Loan Services and against Tawney and the other defendants in Civil No. 15-1-2007-10 (JHA), which was immediately appealable pursuant to HRS § 667-51(a)(1). However, no party timely appealed within thirty days after entry of the September 20, 2017 judgment on the decree of foreclosure, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure required. Consequently, the circuit court has proceeded forward with the second phase of this foreclosure case in which the circuit court decides whether it should confirm the eventual sale of the foreclosed property.

During this second phase, Tawney filed her April 23, 2018 motion to dismiss this case with prejudice, which the circuit court denied by way of the June 19, 2018 interlocutory order. However, the circuit court has not yet determined whether

it will confirm the sale of the foreclosed property, and, thus, the circuit court has not yet concluded the second phase of this foreclosure case with a corresponding judgment that is certified for appeal under Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP), as HRS § 667-51(a)(2) requires for any appeal from the second phase of a foreclosure case. Absent an appealable HRCP Rule 54(b)-certified judgment that concludes the second phase of this foreclosure case, however, we lack appellate jurisdiction, and Tawney's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Pennymac Loan Services' July 17, 2018 motion to dismiss appellate court case number CAAP-18-0000460 is granted, and appellate court case number CAAP-18-0000460 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, November 5, 2018.

Presiding Judge

Associate Judge

Associate Judge

3